IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN KEVIN KOTHMAN, 740358, | ) | |
|         Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:06-CV-500-L |
| | ) | ECF |
| TEXAS DEPT. OF CRIMINAL JUSTICE, ET AL., | ) | |
|         Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. 636(b) and an order of this court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the United States Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**Parties:**

Plaintiff filed this complaint for violation of his civil rights pursuant to 42 U.S.C. § 1983. He is proceeding pro se, and the Court has granted him leave to proceed *in forma pauperis*. Defendants are the Texas Board of Pardons and Parole, the Texas Department of Criminal Justice, and the State of Texas. Service has not been issued.

**Factual background:**

Plaintiff has been released to mandatory supervision after serving part of a ten year sentence for an unspecified criminal offense. His mandatory supervision has been revoked a number of times for technical violations. Each time Plaintiff has been revoked, he has been returned to custody without credit on his sentence for the time spent on release. Plaintiff has also lost accumulated work and good time credits. In this action, Plaintiff states he should be

awarded the work and good time credits that he has been required to forfeit, that he should not be required to wear a leg monitor and that each of his parole revocations violated his civil rights.

**Discussion:**

**1.     Screening**

The terms of 28 U.S.C. § 1915(e)(2)(B)(i) authorize a federal court to dismiss an action in which the Plaintiff is proceeding *in forma pauperis* before service if the court determines that the action is frivolous or malicious.  Under this standard, a district court may review a complaint and dismiss *sua sponte* those claims premised on meritless legal theories and those which clearly lack any basis in fact.  *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.C. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.C. 1827, 1831-32 (1989).  A claim is frivolous if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Smith v. Winter*, 782 F.2d 508, 511-12 (5th Cir. 1986).

**2.     Board of Pardons and Parole**

In this case, Plaintiff's claims against the Board of Pardons and Parole are barred by the doctrine of res judicata.  Under res judicata, a prior judgment bars a subsequent action where: (1) the parties are identical in both suits; (2) the prior judgment was rendered by a court of competent jurisdiction; (3) there was a final judgment on the merits; and (4) the same cause of action was involved in both cases.  *Nilsen v. City of Moss Point*, 701 F.2d 556, 559 (5th Cir. 1983).  Further, the doctrine of res judicata "bars all claims that were or *could have been*

advanced in support of the cause of action on the occasion of its former adjudication." *Id*. at 561 (citing *Allen v. McCurry*, 449 U.S. 90 (1980)).

Plaintiff previously raised the same claims against the Board of Pardons and Parole in *Kothmann v. Texas Board of Pardons and Parole, et al.*, No. 3:06-CV-0128-M (N.D. Tex.). The Court found that:

> A party may not maintain a civil rights action based on the legality of a prior criminal proceeding unless a state court or federal habeas court has determined that the terms of confinement are in fact invalid. *Heck v. Humphrey*, 512 U.S. 477, 487, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994). The critical inquiry is whether a judgment in favor of the plaintiff would "necessarily imply the invalidity of the conviction or sentence." *Id*., 114 S.Ct. at 2372. If so, the claim is barred unless the conviction has been reversed or declared invalid. *Id*; *Hainze v. Richards*, 207 F.3d 795, 798 (5th Cir.), *cert. denied*, 121 S.Ct. 384 (2000). This rule applies to parole revocations and claims involving the denial of sentence credits. *See Edwards v. Balisok*, 520 U.S. 641 (1997) (*Heck* bars civil rights claims based on deprivation of good-time credits); *Rogers v. Dept. of Corrections*, 263 F.3d 163 (5th Cir. 2001) (same as to parole revocations). The record clearly indicates that no court has ever invalidated the revocation of plaintiff's mandatory supervision or the denial of his sentence credits. (*See Spears Quest*. #1). Plaintiff is therefore precluded from maintaining a civil rights action under 42 U.S.C. § 1983.

*Kothmann*, Slip op. at 3. Plaintiff's claims against the Board of Pardons and Parole should be dismissed.

**3.    The State of Texas and TDCJ**

Plaintiff's claims against the State of Texas and the TDCJ are barred by immunity under the Eleventh Amendment. The "Eleventh Amendment bars an individual from suing a state in federal court unless the state consents to suit or Congress has clearly and validly abrogated a state's sovereign immunity." *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002). Section 1983 does not include a waiver of the state's sovereign immunity. *Quern v. Jordan*, 440 U.S. 332, 338 (1979). Texas has not waived its Eleventh Amendment immunity and is therefore immune from suit. *Sherwinski v. Peterson*, 98 F.3d 849, 852 (5th Cir. 1996).

3

Likewise, TDCJ is an instrumentality of the State of Texas and is also immune from suit. *See Sherwinski v. Peterson*, 98 F.3d at 851-52; *Roberson v. McShan*, No. 05-20055, 2005 WL 2673516 (5th Cir. Oct. 20, 2005). Plaintiff's claims against these Defendants should be dismissed.

**RECOMMENDATION:**

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

Signed this 11th day of July, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a de novo determination by the District Court.  See Thomas v. Arn, 474 U.S. 140, 150, (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).